REQUESTED BY: Senator Martin F. Kahle District 37 State Capitol Building Lincoln, Nebraska 68509
Dear Mr. Kahle:
This letter is in response to your correspondence regarding the authority of the State Electrical Division over property leased from the federal government. Specifically, you wish to know whether inspectors from the State Electrical Division may inspect buildings on property such as a `marina or campsite . . . operated by a private individual [on] land . . . owned by the federal government and leased to the individual by the Corps of Engineers.'
Neb.Rev.Stat. § 81-594 (Reissue 1976) sets out the types of installations subject to inspections by the State Electrical Division. These include `[a]ll electrical installations in commercial or industrial buildings, including installations both inside and outside of the buildings, buildings designated for public use, and any installations at the request of the owner . . .' `Commercial installations' are defined by regulation to include, among other things, `(1) installations intended for commerce, . . . (4) recreational vehicle parks.' State Electrical Division, Rule No. 15.
A marina or campsite would come within the definition of `commercial installations' and would be subject to inspection by the State Electrical Division. At issue here is whether the fact that such a marina or campsite is owned by the federal government and leased to private individuals would remove it from state jurisdiction.
The Property Clause of the United States Constitution provides that `Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.' Article IV, Section 3, Clause 2. The United States Supreme Court has held that the Property Clause, "in broad terms, gives Congress the power to determine what are `needful' rules `respecting' the public lands . . . . [t]he power over the public land thus entrusted to Congress is without limitations." Kleppe v. New Mexico, 426 U.S. 529, 539
(1976), rehearing denied, 429 U.S. 873 (1976).
 The Federal Government does not assert exclusive jurisdiction over the public lands in New Mexico, and the State is free to enforce its criminal and civil laws on those lands. But where those state laws conflict with the Wild Free-Roaming Horses and Burros Act, or with other legislation passed pursuant to the Property Clause, the law is clear: the state laws must recede.
426 U.S. at 543. See also, United States v. Brown,431 F. Supp. 56 (D.Minn. 1976), aff'd. 552 F.2d 817 (8th Cir.),cert denied, 431 U.S. 949 (1977).
The court in Texas Oil and Gas Corp. v. Phillips PetroleumCo., 277 F. Supp. 366 (W.D. Okla. 1967), aff'd,406 F.2d 1303 (10th Cir. 1969), cert denied 396 U.S. 829
(1969), held, `State law and the State police power [extend] over the federal public domain unless and until Congress has determined to deal exclusively with the subject.'277 F. Supp. at 369.
State ex rel. Andrus v. Click, 97 Idaho 791, 554 P.2d 969
(1976), held that `[w]here Congress has exercised its legislative prerogative, conflicting state laws must fall by reason of the Supremacy Clause. . . . Absent congressional action, however, the state retains jurisdiction over federal lands within its territory.' 554 P.2d at 973. In other words, `[t]he police power of the state extends over federal public domain, at least when there is no legislation by Congress on the subject.' Id. That decision also set out key factors to determine if Congress has preempted state regulations in a certain field.
It is our opinion that the State Electrical Division would have authority to inspect electrical installations in commercial, industrial and public use buildings located on land leased from the federal government in the absence of any federal legislation which would directly address the same situation and thus supercede the state law.
The federal statute dealing with public park and recreation facilities at Corps of Engineers water resource development projects is 16 U.S.C. § 460 d. It states, in part,
 The Chief of Engineers, under the supervision of the Secretary of the Army, is authorized to construct, maintain, and operate public park and recreational facilities at water resource development projects under the control of the Department of the Army, to permit the construction of such facilities by local interests (particularly those to be operated and maintained by such interests), and to permit the maintenance and operation of such facilities by local interests. The Secretary of the Army is also authorized to grant leases of lands, including structures or facilities thereon, at water resource development projects for such periods, and upon such terms and for such purposes as he may deem reasonable in the public interest.
There is no language in the statute which forbids state electrical inspections of such facilities leased out by the Corps of Engineers.
Based on this statute, we are of the opinion that legislation is not necessary to grant the State Electrical Division authority to make the inspections to which you refer. However, you would need to examine any regulations promulgated by the Corps of Engineers pursuant to this statute to determine whether the federal government has preempted this area.
Sincerely yours, PAUL L. DOUGLAS Attorney General Dale D. Brodkey Assistant Attorney General